PER CURIAM.
 

 Christopher Shaun Caldwell appeals from the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct sentence. We affirm.
 

 In his motion, Caldwell asserted that the trial judge who sentenced him in Seminole County Case No. 07-3365-CFA announced that his sentences were to run concurrently. There is no dispute as to this pronouncement, and these sentences are being served concurrently. Caldwell’s complaint is that the sentences in this Seminole County case were not imposed concurrently with sentences imposed in Orange County for unrelated crimes prosecuted there. In denying Caldwell’s motion, the trial court concluded that the sentencing pronouncement was only that the Seminole County sentences in this case were to run concurrently with one another. The sentencing transcript attached to the denial order confirms the accuracy of the trial judge’s conclusion.
 

 On appeal, Caldwell argues that section 921.16(1), Florida Statutes (2007), requires sentences to be treated as concurrent sentences unless the sentencing court directs otherwise. Although this is true with respect to “offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits,” it is not true with respect to crimes charged in separate, unconsolidated indictments or informations.
 
 Id.
 
 The statute provides that: “Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.”
 
 Id.
 
 Because the trial court did not direct that the sentences in this case were to be served concurrently with sentences from other jurisdictions, the law requires that these sentences be served consecutively to the Orange County sentences.
 

 AFFIRMED.
 

 SAWAYA, LAWSON and EVANDER, JJ., concur.